Smith, J.
At November term, 1813, a motion , was made to vacate an order lor judgment, and for leave to plead issuably. The writ had issued on the 4th of April, 1812, returnable to the second Tuesday after the fourth Monday in October then next ensuing. The defendant had never entered his appearance, and alleged that as there had been no court held at the first appointed term, and but one day the term following, he was still at liberty to vacate the order. The presiding judge ruled otherwise, and this motion is to reverse that decision. If any doubt has arisen with the defendant, with respect to the propriety of entering his appearance at the first term after the return day, because there was no court held; yet that must have been obviated at the April term, 1813, when Judge JVbii held the court, notwithstanding he held it but one day; and, as that one day would complete the sitting of the court within the most strained construction of the act of 19th February, 1791, and could not have left a possible doubt, not having entered his appearance, he forfeited his right to vacate the order for judgment, and has no ground to set aside the decision of the judge on the circuit.
*630 Nott, J.
The act of 1791, 1st Faust. 40. au-thorises a defendant to plead to plaintiff’s deelaration, only upon condition of his having entered an appearance with the clerk during the sitting of the coul>t? to which the writ was returnable. The defendant in this case had omitted to enter an appearance for two courts after the writ was returned; and, at the third court, the presiding judge refused to set aside the order for judgment which the plaintiff had obtained, and would not permit the defendant to plead. A motion is now made to reverse that decision, and to let the defendant in to make his de-fence. The grounds on which this motion is founded, are ; 1st, That at the court to which the writ is returnable, no judge attended to hold the court; but the act above mentioned authorises the clerk, when no judge attends, to open and adjourn the court, and that formality was observed in this case ; the defendant then had an opportunity to enter his appearance. But 2nd, he did not enter his appearance at the second court. His excuse for that omission is, that the court sat only one day; but one day was sufficient to enter all the appearances, and if tlfe party did not choose to avail himself of it, he must abide by the consequences. I am of opinion, this motion ought to be discharged.
Justices Coi.cock and Ur.bike concurred.